**SO ORDERED: June 7, 2013.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| IN RE: | ) | |
| --- | --- | --- |
|     CHRIS ALAN BELL | ) | CASE NO. 13-70547–BHL-13 |
| | ) | |
|     DEBTOR(S) | ) | |

### ORDER OF CONFIRMATION

    This case coming on for confirmation of Debtor[s] plan/amended plan as filed April 10, 2013 (Doc. #2) ("Plan"), a hearing being properly noticed and held, and the Trustee making his report, the Court now finds as follows:

(1)    The Debtor[s] have filed a plan under 11 USC § 1321;

(2)    The Trustee has held a first meeting of creditors pursuant to 11 USC § 341, with notice to all creditors as listed by Debtor[s];

(3)    The Trustee has filed his Report of Chapter 13 Trustee, reporting that Debtor[s] are eligible for relief under Chapter 13; that their plan appears reasonable and feasible; and that the plan is proposed in good faith and in all respects complies with the requirements of the Bankruptcy Code;

(4)    The treatment of secured claims as listed in Debtor[s] plan is:

| CREDITOR | COLLATERAL | REPLACEMENT VALUE | TREATMENT |
| --- | --- | --- | --- |
| First Federal Savings Bank | Mortgage, residence | $142,500.00 | Current payment by Trustee w/pre-petition arrearage @0% APR |
| First Federal | Mortgage, residence | $142,500.00 | Current payment by Trustee w/pre- |

| Savings Bank | (2nd) | | petition arrearage @0% APR |
|---|---|---|---|
| Freedom Road Financial | 2006 Harley Davidson FLHTCI Electra Glide | $11,070.00 | To be paid in full at $442.71 per month @ 4.25% APR |
| Best Buy/HSBC | Stereo equipment | $400.00 | Abandoned and to be surrendered |
| Warrick County Treasurer | Real property taxes | $142,500.00 | To be paid direct by debtor. |

(5)   The parties appearing at the first meeting of creditors have agreed to the following immaterial modifications:

1. Balloon payment in or before the 60th month sufficient to pay $5,300.00 to general unsecured creditors due to the liquidation test.

(6)   The Plan, in addition to the usual provisions, also has the following special provisions:

Secured creditors shall receive only adequate protection payments until administrative claims are paid in full.

(7)   The Debtor[s] will be able to make all payments under the Plan and to comply with the Plan provisions.

THEREFORE, it is now ORDERED that:

(1)   The Plan of Debtor[s] is hereby confirmed;

(2)   Under the confirmed order, Debtor[s] are required to make the following payments to the Trustee:

$1,600.00 per month for 60 months for a total of $96,000.00; plus
a balloon payment in or before the 60th month sufficient to pay $5,300.00
to general unsecured creditors due to the liquidation test

and in addition shall make such additional payments as required to pay costs of administration asserted by the Clerk of the Court or otherwise ordered by the Court;

(3)   The replacement value of the collateral supporting the secured claims is as stated above;

(4)   The Trustee is authorized to make reasonable deferrals of regular plan payments, including refunds of amounts paid by wage withholding orders, without additional motion or authorization of the Court.

(5)   Pursuant to §1305, the Trustee shall approve or disapprove a post-petition indebtedness request based on standards appropriate to the circumstances. If the request is not approved, the debtor may file a motion to incur post-petition debt with the Court.

(6)   To the extent necessary to effectuate the terms of Debtor[s] plan, the Debtor[s] income and other assets remain property of the estate, including after-acquired property as stated in 11 USC §1306.

(7)   Other terms of confirmation:

   None.

###